UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN RODRIGUEZ,

           Plaintiff,

    v.

COSTCO WHOLESALE CORPORATION, et al.,

           Defendants.

Case No.  22-cv-09130-HSG

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND TERMINATING AS MOOT DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 10, 19

      Pending before the Court are Plaintiff's motion to remand and Defendant's motion to dismiss.[1]  Dkt. Nos. 10, 19.  The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion to remand and **TERMINATES AS MOOT** the motion to dismiss.

## I.  BACKGROUND

      In January 2019, Plaintiff Karen Rodriguez filed a PAGA complaint against her employer, Defendant Costco Wholesale Corporation ("*Rodriguez I*").  Dkt. No. 1-1 ("Compl.") ¶ 10.  Among other claims, Plaintiff alleged that Defendant had failed to provide suitable seats to its Membership Department employees in California.  *Id.*  In January 2021, the parties signed the

---

[1] The Court **GRANTS** Defendant's request for judicial notice of the Amended Settlement Agreement and *Rodriguez II* complaint because these documents are incorporated by reference in the complaint in this case.  *See* Dkt. No. 22-2 ("RJN").  These documents are specifically referenced in Plaintiff's complaint and are central to her claims, and their authenticity is not in question.  *See* Compl. ¶¶ 6-7, 15, 21, 25; *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018) (explaining that a "defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim" (quotation omitted)).  The Court **DENIES AS MOOT** Defendant's request for judicial notice of documents related to Plaintiff's motion for discovery and sanctions in *Rodriguez I* because these materials are not relevant to the Court's analysis in this order.

United States District Court
Northern District of California

1   Amended Settlement Agreement, which provided that Defendant would make available at each

2   California location at least one stool for Membership Department employees. *Id.* ¶¶ 15, 18; Dkt.

3   No. 22-2, Ex. B § III.4.  In June 2022, Plaintiff filed a second complaint against Defendant

4   ("*Rodriguez II*"), again alleging that Defendant had failed to provide adequate seating.  Compl.

5   ¶ 25; *See* RJN, Ex. B ¶¶ 6, 17.  In November 2022, Plaintiff filed a third complaint ("*Rodriguez*

6   *III*"), this time alleging that Defendant had fraudulently induced her to sign the *Rodriguez I*

7   Amended Settlement Agreement.  *See* Compl. ¶¶ 6-7, 9-24.  Defendant removed *Rodriguez III*

8   from Alameda County Superior Court to this Court under 28 U.S.C. §§ 1132, 1441(a), and 1446.

9   *See* Dkt. No. 1 ("Removal Not.") at 1.  Plaintiff now moves to remand, arguing that the case does

10  not meet the amount in controversy requirement for diversity jurisdiction.  *See* Dkt. No. 19.

11  **II.   LEGAL STANDARD**

12       A defendant may remove a state court action to federal court on the basis of diversity

13  jurisdiction.  *See* 28 U.S.C § 1441; *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 415 (9th Cir.

14  2018) (stating that "[a] defendant generally may remove an action filed in state court if a federal

15  district court would have had original jurisdiction over the action").  Diversity jurisdiction exists

16  where the dispute is between citizens of different states and the amount in controversy exceeds

17  $75,000.  28 U.S.C. § 1332(a).  "The amount in controversy may include damages (compensatory,

18  punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees

19  awarded under fee shifting statutes."  *Chavez,* 888 F.3d at 416 (quotations omitted).

20       If "it is unclear from the face of the complaint whether the amount in controversy exceeds

21  $75,000, the removing defendant bears the burden of establishing, by a preponderance of the

22  evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Id.* (quotation

23  omitted).  There is a "strong presumption" in favor of remand, and "[f]ederal jurisdiction must be

24  rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,*

25  980 F.2d 564, 566 (9th Cir. 1992).  Accordingly, "[t]he strong presumption against removal

26  jurisdiction means that the defendant always has the burden of establishing that removal is

27  proper...." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

28  //

2

## III.   DISCUSSION

Here, the parties appear to agree that complete diversity of citizenship between the parties has been established.  According to the Complaint, Plaintiff is a resident of California, Defendant Costco is a corporation headquartered in Issaquah, Washington, and Defendant Michelle Hughes "is an attorney licensed to practice law in the State of Washington," who has "[a]t all relevant times worked for Costco as one of its inside corporate counsel."  Compl. ¶¶ 1-3.  Defendant states that Plaintiff is a citizen of California while Costco and Ms. Hughes are citizens of Washington. Removal Not. ¶¶ 9-15.  Therefore, the only dispute is whether the $75,000 amount in controversy is satisfied.

Plaintiff brings one fraud claim, for which she seeks an unspecified amount of compensatory and punitive damages.  Compl. ¶¶ 6-7, 25-30.  Because the amount in controversy is unclear from Plaintiff's complaint, Defendant has the burden of proving that the combination of possible compensatory and punitive damages more likely than not exceeds $75,000.  *See Chavez*, 888 F.3d at 416.  The Court finds that Defendant has not met this burden.

### A.   Compensatory Damages

Plaintiff alleges that she is entitled to compensation for the damages she suffered as a result of filing *Rodriguez II*.[2]  *See* Compl. ¶ 25.  Specifically, Plaintiff alleges that because Defendant failed to comply with the *Rodriguez I* Amended Settlement Agreement, she "had to again go through the pre-filing requirements" and "expend further time and effort in responding to discovery requests" for *Rodriguez II*.  *Id.*  Plaintiff does not quantify these damages, and Defendant likewise presents very little evidence estimating their value.  Defendant notes only that Plaintiff requested a class representative incentive award of $15,000 for *Rodriguez I*, apparently suggesting that this is a fair estimate of her damages in bringing *Rodriguez II*.  *See* Opp. at 7. Putting aside whether the *Rodriguez I* incentive award is an appropriate estimate of Plaintiff's

---

[2] In her motion to remand, Plaintiff suggests that she is instead seeking compensatory damages for "the denial of the use of a suitable seat during her employment."  *See* Dkt. No. 19 at 4.  However, because "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious," *Chavez.*, 888 F.3d at 414-15, the Court considers only the basis for compensatory damages that Plaintiff actually alleges in her complaint.

United States District Court
Northern District of California

damages here, as well as Plaintiff's claim that she was awarded only $7,500 for *Rodriguez I*, *see* Dkt. No. 23 at 1, even the asserted $15,000 amount falls well short of the required $75,000.[3] Accordingly, the amount in controversy will only meet the jurisdictional threshold if the evidence establishes that punitive damages exceeding $60,000 are reasonably at stake here.

### B.   Punitive Damages

Plaintiff seeks an unspecified amount of punitive damages under California Civil Code § 3294.  *See* Compl. ¶¶ 26-30; Cal. Civ. Code § 3294(a).  The Supreme Court has long held that punitive damages must be proportional to compensatory damages.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003).  While the Court has declined to adopt a bright-line rule, it has noted that "few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process."  *Id.* at 425.  "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

Defendant requests that the Court take judicial notice of several summaries of verdicts in what Defendant argues are analogous cases.  *See* RJN at 2.  These summaries appear to have been compiled and written by either Westlaw or "MoreLaw."  *See id.* Exs. E-H.  The Court **DENIES** Defendant's request for judicial notice of these publications: contrary to Defendant's suggestion, these documents are not public court records, but appear to be editorial summaries of the author's impression of such records.  *See* Dkt. No. 22-3, Ex. E at 43 (prefacing lengthy narrative "FACTS/CONTENTION" section with "According to court records:"), Ex. H at 52 (banner apparently from website reading "Help support the publication of case reports on MoreLaw").

But even were the Court to consider these summaries, on their face they undercut Defendant's argument that these cases support a finding that the amount-in-controversy

---

[3] Defendants appear to suggest that the correct measure of damages in this case is the potential recovery if Plaintiff wins as to the *substance* of *Rodriguez II*.  *See* Opp. at 7 ("If *Rodriguez II* ultimately goes to trial, Plaintiff's damages from that case, which are for an entirely different PAGA time period and subject to new civil penalties, will certainly exceed the parties' $1,896,800 value of the *Rodriguez I* case at settlement").  But there simply is no logical basis for concluding that damages expressly based on the time value of being forced to participate in litigation have anything to do with the damages claimed in the underlying lawsuit.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    requirement is met in this case.  Defendant cites three cases in which plaintiffs received damages

2    for fraud actions related to settlement agreements.  Removal Not. ¶ 19; Opp. at 8-10.  The Court

3    finds these cases do not support Defendant's assertion that punitive damages here push the total

4    amount at stake to $75,000 or more.  *Alliance Payment Systems Inc. v. Walczer* is inapposite

5    because the plaintiff received only compensatory, not punitive, damages.  *See* No. CIV-431458,

6    2006 WL 6181050 (Cal. Super. Ct. Jan. 14, 2006) (noting that the full $270,316 verdict was

7    awarded to compensate plaintiff for economic losses).  While the remaining two cases involved

8    sizeable punitive damage awards, Defendant fails to show that those cases' punitive to

9    compensatory damages *ratios*, applied here, would bring the amount in controversy above

10   $75,000.  In *Sound Oasis Productions LLC v. Jobete Music Co.*, the plaintiff was awarded

11   $1,000,000 in punitive damages and $1,981,671 in compensatory damages, a ratio of about 0.5:1.

12   33 Trials Digest 17th 19, 2014 WL 4215667 ("*Sound Oasis* Verdict Summary") (Cal. Super. Ct.

13   Mar. 27, 2014).  In *Russomanno v. Russo*, the plaintiff was initially awarded $46,000,000 in

14   punitive damages and $4,500,000 in compensatory damages, but the trial court later decreased the

15   punitive damages to $6,500,000, making the ratio about 1.5:1.  34 Trials Digest 3d 100, 2000 WL

16   1591369 ("*Russomanno* Verdict Summary") (Cal. Super. Ct. July 20, 2000); Dkt. No. 22-3, Ex. H.

17   Even if the Court were to accept the $15,000 estimate of Plaintiff's compensatory damages—the

18   only germane concrete estimate Defendant has offered—these ratios would at most support a

19   punitive damage award of $22,500 and a total damage award of $37,500, significantly less than

20   the required $75,000.  *See* Opp. at 7.[4]

21   **IV.   CONCLUSION**

22        The Court **GRANTS** Plaintiff's motion to remand (Dkt. No. 19) and **TERMINATES AS**

23   **MOOT** Defendant's motion to dismiss (Dkt. No. 10).  The Court **REMANDS** the case to

---

25   [4] The Court notes that while these cases involved allegations of fraud in connection with
     settlement agreements, Defendant points to no other relevant similarities.  The case synopses
26   included in the verdict summaries further indicate that the underlying disputes were very different
     from the dispute in this case: *Alliance Payment Systems* involved claims of embezzling, as well as
27   a dispute regarding ownership of client accounts, and *Sound Oasis Productions* and *Russomanno*
     concerned copyright claims or royalty disputes.  *See generally Alliance Payment Systems Inc. vs.*
28   *Walczer,* No. CIV-431458, 2 Trials Digest 12th 10, 2006 WL 6171698 (Cal. Super. Ct. Jan. 14,
     2006); *Sound Oasis* Verdict Summary;  *Russomanno* Verdict Summary.

United States District Court
Northern District of California

1   Alameda Superior Court.  The Clerk is **DIRECTED** to close the case.

2       **IT IS SO ORDERED.**

3   Dated:   8/23/2023

4

5                          HAYWOOD S. GILLIAM, JR.
                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28